ROGERS, Circuit Judge,
concurring separately.
I concur in the result, generally for the reasons expressed in the majority opinion. The following four concerns, however, prevent my concurring in that opinion.
First, the retirement plans at issue in this case discriminate in only one way rather than two. The majority’s description of the first way in which the KRS plan discriminates is significant only as it constitutes a part of the second way. That is, it is not facial discrimination to give older workers one kind of retirement plan and younger workers the same plan with a different name. The only real difference between disability retirement and normal retirement is the one caused by the “second” discriminatory characteristic. That is, if the retirement plans were called by the same name, there would be no age discrimination other than that arising from the attribution of unworked years (or more unworked years) based on age. If that discrimination were cured, on the other hand, the “first” way in which the KRS plan discriminates would be semantic only.
Second, in my view it is unnecessary for the en banc court to characterize the panel opinion’s treatment of our court’s opinion in Lyon. The panel opinion, available as it is in the Federal Reporter, speaks for itself, and in any event the panel opinion has been vacated.
Third, it is only necessary for us to overrule Lyon to the extent that Lyon is inconsistent with our en banc holding and reasoning. I would leave to future litigants the task of going through Lyon and identifying what survives and what does not.
Finally, we should make clear that in this case we take no position on whether the result in Lyon can be supported by the early retirement exception to ADEA liability, 29 U.S.C. § 623(f)(2)(B)(ii). The district court in Lyon granted summary judgment in favor of the defendants after finding that the plaintiffs had failed to establish a prima facie disparate-treatment claim and, alternatively, that the retirement plan at issue constituted a lawful early retirement incentive plan pursuant to § 623(f)(2)(B)(ii). 53 F.3d at 137. Our court in Lyon did not reach the latter issue because it agreed with the district court regarding the plaintiffs’ prima facie case. Id.